UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DALE EDWARD POLTA, | Civil File No. 06-1014 (PAM/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CITY OF ST. PAUL POLICE DEPT., JOHN DOE 1, JOHN DOES 2, JOHN DOES 3, RAMSEY CO. SHERIFF DEPT., JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, K-9 HANDLER 1, K-9 HANDLER 2, K-9 UNIT 1, and K-9 UNIT 2, | |
| Defendants. | |

Plaintiff, an inmate at the Prairie Correctional Facility in Appleton, Minnesota, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to two of the Defendants listed in the caption of the complaint, and it will therefore be recommended that this action be summarily dismissed as to those Defendants.

**I. BACKGROUND**

This lawsuit stems from an incident that occurred on February 29, 2004. Plaintiff alleges that on that date, he was stopped by a police officer while he was driving his car. The officer instructed Plaintiff to get out of the car, but Plaintiff defied that instruction and drove

away. A high speed chase ensued, which, by Plaintiff's estimate, involved at least twenty police cars, as well as a police helicopter.

Plaintiff ultimately crashed his car into a tree, and then fled on foot. After running through the backyard of a nearby home, jumping over a six-foot fence, and then running a short distance further, Plaintiff was finally apprehended by two police officers. Plaintiff alleges that one of the officers got on top of him and knocked the wind out of him, and the other officer smashed his face into the ground. Plaintiff further alleges that two police dogs were ordered to attack him, and that he was struck with a stick and sprayed with mace.

According to the complaint, after Plaintiff had been rendered "defenseless," two police officers held him up and ordered the dogs to attack him again. Plaintiff was later taken to the hospital to be treated for injuries inflicted by the dogs. Plaintiff alleges that he was in the hospital for nine days, and that the treatment for his injuries included 200 stitches and staples, three "surgical procedures," and one skin graft.

Plaintiff is now seeking legal redress for his injuries. He is attempting to sue "the City of St. Paul Police Department," "the Ramsey County Sheriff's Department," and several other parties identified only as "John Does," "K-9 Handlers," and "K-9 Units." Plaintiff claims that Defendants violated his federal constitutional rights, and also committed various common law torts against him. He is seeking an award of compensatory and punitive damages.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental employees and/or entities, his pleading must be screened pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts

to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). For the reasons discussed below, the Court finds that this action must be dismissed as to the two Defendants identified as "the City of St. Paul Police Department" and "the Ramsey County Sheriff's Department."

Plaintiff has failed to state an actionable claim against the City of St. Paul Police Department, because a police department is not a party that can be sued as such. A municipal police department is simply not a "suable entity;" it is merely a part of some larger municipal government, and has no separate legal existence by itself. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (same); Ricketts v. City of Hartford, 74 F.3d 1397, 1400 n. 1 (2nd Cir.) (same), cert. denied, 519 U.S. 815 (1996). Therefore, the City of St. Paul Police Department cannot be sued as such in this action.

Plaintiff likewise cannot sue the Ramsey County Sheriff's Department as such. Although the capacity of a sheriff's department to be sued must ultimately be determined by state law, (Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), citing Fed. R. Civ. P. 17(b)), most courts that have considered the issue have found that a sheriff's department, (like

3

a police department), cannot be sued as such. Id. at 1215 ("county sheriff's department lacks the capacity to be sued"); Bradford v. Gardner, 578 F.Supp. 382, 383 (E.D.Tenn. 1984) ("the Sheriff's department itself is not a suable entity under [42 U.S.C.] § 1983"); Cote v. Kontos, No. 88 C 4751, (N.D.Ill 1989), 1989 WL 10854 at *4 ("[t]he Sheriff's Department of each of these counties does not have a legal existence separate from the county and the Sheriff and therefore is not a suable entity"); Jacobs v. Port Neches Police Dep't, 915 F.Supp. 842, 844 (E.D.Tex. 1996) ("[b]ecause there is no indication that the 'Jefferson County Sheriff's Department' enjoys a separate legal existence, it is not a proper party, and the cause of action against it should be dismissed").

This Court finds no reason to conclude that the legal status of a sheriff's department is different in Minnesota than it is in most other states. Moreover, at least one judge in this District has specifically ruled that a Minnesota sheriff's department is not a suable entity. In re Scott County Master Docket, 672 F.Supp. 1152, 1163, n. 1 (D.Minn. 1987) (holding that Minnesota sheriffs' departments "are not legal entities subject to suit"), aff'd, 868 F.2d 1017 (8th Cir. 1989). See also De La Garza v. Kandiyohi County Jail, No. 01-1966 (8th Cir. 2001), 2001 WL 987542 (unpublished opinion) at *1 (affirming summary dismissal of prisoner civil rights action against county jail and county sheriff's department, "because neither named party was a suable entity"). Thus, the Court concludes that the Ramsey County Sheriff's Department, like the City of St. Paul Police Department, cannot be sued as such in this action.

### III. CONCLUSION

For the reasons discussed above, it is recommended that this action be summarily dismissed as to the City of St. Paul Police Department and the Ramsey County Sheriff's

Department, pursuant to 28 U.S.C. § 1915A(b).  The Court will defer any ruling on the adequacy of Plaintiff's allegations against the other Defendants that he is attempting to sue, and he will be allowed to pursue his claims against those Defendants at this time.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's claims against Defendants City of St. Paul Police Department, and Ramsey County Sheriff's Department, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2.  Plaintiff's claims against the other Defendants listed in the caption of the complaint be allowed to proceed at this time, without prejudice to any defenses that those Defendants may later seek to raise.

Dated: April 7, 2006

                                                        s/ Arthur J. Boylan
                                                        ARTHUR J. BOYLAN
                                                        United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before April 24, 2006.