UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DALE EDWARD POLTA, | Civil File No. 06-1014 (PAM/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CITY OF ST. PAUL POLICE DEPT., JOHN DOE 1, JOHN DOES 2, JOHN DOES 3, RAMSEY CO. SHERIFF DEPT., JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, K-9 HANDLER 1, K-9 HANDLER 2, K-9 UNIT 1, and K-9 UNIT 2, | |
| Defendants. | |

This matter is presently before the Court for the purpose of determining whether Plaintiff has complied with the requirements of the order dated April 7, 2006. (Docket No. 5.) That order directed Plaintiff to file one copy of his complaint and one properly completed U.S. Marshal service form, (USM-285), for each Defendant to be served in this matter. Plaintiff was advised that the Marshal would not be able to serve the named Defendants, and that this case could not go forward, unless he filed the necessary marshal service forms and extra copies of his complaint. The order also expressly advised Plaintiff that if he did not file his marshal service forms within thirty days, he would be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed for lack of prosecution.

Plaintiff later filed a motion requesting an extension of the deadline for submitting his marshal service forms and extra copies of his pleading. (Docket No. 9.) Plaintiff's motion for extension was granted by the Court's order of June 16, 2006, (Docket No. 11), and he was

then given until July 20, 2006, to submit his marshal service forms and the extra copies of his complaint.

The extended deadline for satisfying the requirements of the order of April 7, 2006, expired more than a month ago, and Plaintiff still has not submitted the required marshal service forms and extra copies of the complaint. Therefore, based on the express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the Court's prior orders, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed, without prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: August 29, 2006

                                                 s/ Arthur J. Boylan
                                                 ARTHUR J. BOYLAN
                                              United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September

13, 2006.